Citation Nr: 1237366 
Decision Date: 10/31/12 Archive Date: 11/09/12

DOCKET NO. 05-32 339 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Illiana Health Care System in Danville, IL


THE ISSUES

1. Entitlement to payment or reimbursement of unauthorized medical expenses incurred at Abraham Lincoln Memorial Hospital (ALMH) and Clinical Radiologists on September 26, 2005. 

2. Entitlement to payment or reimbursement of unauthorized medical expenses incurred at ALMH on November 15, 2005. 

3. Entitlement to payment or reimbursement of unauthorized medical expenses incurred at Springfield Clinic on November 15, 2005. 

4. Entitlement to payment or reimbursement of unauthorized medical expenses incurred at ALMH on June 11, 2006. 

5. Entitlement to payment or reimbursement of unauthorized medical expenses from Memorial Medical Center, Cardiology Memorial Professionals, Prairie Cardiovascular Consultants, and the Logan County Paramedic Association from January 8 to January 10, 2007. 


REPRESENTATION

Appellant represented by: The American Legion


WITNESSES AT HEARING ON APPEAL

Appellant and his spouse


ATTORNEY FOR THE BOARD

Brian J. Milmoe, Counsel


INTRODUCTION

The Veteran served on active duty from August 1978 to August 1984. 

These matters are before the Board of Veterans' Appeals (Board) on appeal from November 2005, January 2006, June 2006, October 2006, April 2007 and May 2007 decisions of the Department of Veterans Affairs (VA) Illiana Health Care System in Danville, Illinois. 

The November 2005 decision denied payment or reimbursement for unauthorized medical expenses incurred at ALMH and Clinical Radiologists on September 26, 2005. The January 2006 decision denied payment or reimbursement for unauthorized medical expenses incurred at ALMH on November 15, 2005. The June 2006 decision denied payment or reimbursement for unauthorized medical expenses incurred at Springfield Clinic on November 15, 2005. The October 2006 decision denied payment or reimbursement for unauthorized medical expenses incurred at AMLH on June 11, 2006. The April 2007 decision denied payment or reimbursement for unauthorized medical expenses incurred at Prairie Cardovascular Consultants from January 8, 2007 to January 10, 2007. The May 4, 2007 decision denied payment or reimbursement for unauthorized medical expenses rendered by Logan County Paramedic Association on January 8, 2007. The May 17, 2007 decision denied payment or reimbursement for unauthorized medical expenses incurred at Memorial Medical Center, including by Cardiology Memorial Professionals, from January 8, 2007 to January 10, 2007.

The Veteran provided testimony on the issues of entitlement to payment or reimbursement of medical expenses incurred at ALMH and Clinical Radiologists on September 26, 2005, and at ALMH on November 15, 2005, at a Board videoconference hearing conducted by the undersigned Veterans Law Judge (VLJ) on May 10, 2007. In an August 2007 decision, the Board remanded those issues to the VA Medical Center (MC) through the VA's Appeals Management Center (AMC) in Washington, DC, so that additional development could be undertaken. The AMC then forwarded the case to the RO in Chicago, Illinois, and following attempts to complete the actions sought by the Board, the matters have been returned to the Board for additional appellate review. 

The issue of entitlement to payment or reimbursement of unauthorized medical expenses for services received from Springfield Clinic on November 15, 2005, was previously before the Board on January 4, 2008, under Board docket number 06-26 142. At that time, it was remanded by a separate Veterans Law Judge of the Board who has since retired. That remand was to permit the VAMC to undertake certain additional development. It is the Board's policy to address all issues over which it has jurisdiction in an individual case in a single document regardless of whether differing docket numbers are assigned. See Board Directive 8430, paragraph 14. At this time, no exception to that rule is indicated. Id. 

This appeal is REMANDED to the VAMC in Danville, Illinois, via the AMC. VA will notify the appellant if further action is required on his part.



REMAND

This is a case involving multiple claims for payment or reimbursement of the expenses incurred by the Veteran for unauthorized medical services, among which were treatment received on September 26, 2005, at ALMH and by Clinical Radiologists, and also on November 15, 2005, at ALMH. By its prior remand in August 2007, the Board directed that a listing of service-connected disabilities and the rating percentages assigned be developed for the pertinent period, which was accomplished. As well, the Board requested that medical opinions be obtained as to whether the treatment received on September 26, 2005, was emergent, and also, whether a VA facility was feasibly available on September 26 and November 15, 2005, followed by readjudication of each of the issues on appeal. This was not accomplished, and corrective action is required. See Stegall v. West, 11 Vet. App. 268, 270-71 (1998) (a remand confers upon the Veteran or other claimant, as a matter of law, a right to compliance with the remand orders). 

By its January 2008 remand, the Board directed VA personnel to comply with its duty to notify the Veteran of the evidence and information needed to substantiate his claim, as well to associate with the claims folder evidence referenced in a June 2006 statement of the case and in administrative determinations entered in January and June 2006, followed by readjudication. None of the requested actions appears to have been attempted or accomplished while this case remained in remand status. 

There is of record a Danville VAMC record, initiated on November 23, 2007, from Fee Services requesting reconsideration by Dr. Sekar of a medical billing claim, but without any identification of the date(s) of medical service(s). The listed diagnoses were of pain in the limbs and seizures, but it is unclear what source document was utilized in citation of those diagnoses, other than coding on billing, inasmuch as the only pertinent medical records on file from the dates in question are the report of an X-ray of the right foot taken on September 26, 2005, and a laboratory report dated November 15, 2005, identifying the Veteran's Tegretol level. 


Dr. Sekar on December 28, 2007, noted the following:

Medical record reveals R ankle sprain[;] No acute medical or life threatening problem in my opinion[;] could be f/u at POPC. 

No finding was made as to the feasible availability of VA medical facilities on either of the dates in question. This was followed by the issuance of a statement of the case as to treatment received only on September 26, 2005, at ALMH and by Clinical Radiologists. Cf. 19.29, 19.31 (2011). 

During the pendency of the appeal, the provisions of 38 U.S.C.A. § 1725 were amended. The record does not reflect that consideration has been afforded the pertinent law and regulations to date, with consideration of the applicable statutory and regulatory changes. 

First, effective from October 10, 2008, the Veterans' Mental Health and Other Care Improvement Act of 2008, Pub. L. No. 110-387, § 402(a), 122 Stat. 4123, made mandatory as opposed to discretionary the reimbursement of the reasonable value of emergency treatment of an eligible veteran furnished by a non-VA facility, if all of the pertinent criteria are otherwise satisfied. Additionally, this amendment added a provision which essentially expanded the meaning of "emergency treatment" to include treatment rendered (1) until such time as the veteran can be transferred safely to a VA facility or other Federal facility and such facility is capable of accepting such transfer; or (2) until such time as a Department facility or other Federal facility accepts such transfer if: (A) at the time the veteran could have been transferred safely to a Department facility or other Federal facility, no Department facility or other Federal facility agreed to accept such transfer; and (B) the non-Department facility in which such medical care or services was furnished made and documented reasonable attempts to transfer the veteran to a Department facility or other Federal facility. (The regulatory amendments implementing these changes were made final on December 21, 2011, and are effective as of January 20, 2012. See Payment or Reimbursement for Emergency Treatment Furnished by Non-VA Providers in Non-VA Facilities to Certain Veterans with Service-Connected or Nonservice-Connected Disabilities, 76 Fed. Reg. 79067 (Dec. 21, 2011).)

Second, effective from February 1, 2010, pursuant to the Expansion of Veteran Eligibility for Reimbursement Act, Pub. L. No. 111-137, 123 Stat. 3495 (2010) (codified as amended at 38 U.S.C.A. § 1725 ), the provisions of § 1725(b)(3)(C) pertaining to contractual or legal recourse against a third party were modified so as to allow for reimbursement in situations where a portion of the cost of the care is covered. 

These amendments are effective, and apply with respect to emergency treatment furnished on or after February 1, 2010, except where it is determined "under the circumstances applicable to the veteran, that it is appropriate to" apply the amendments to treatment received prior to the date of the Act's enactment. Pub. L. No. 111-137, § 1(c)(2), 123 Stat. 3495, 3496.

Third, regulatory amendments were made in 2012. Prior to the 2012 regulatory amendments payment or reimbursement for emergency treatment may be made only for the period from the beginning of the initial evaluation treatment until such time as the veteran could be safely discharged or transferred to a VA facility or other Federal facility. The 2012 amendments removed the following requirement: the claim for payment or reimbursement for any medical care beyond the initial emergency evaluation and treatment is for a continued medical emergency of such a nature that the veteran could not have been safely discharged or transferred to a VA or other Federal facility (the medical emergency lasts only until the time the veteran becomes stabilized). 

Thus, beginning with the 2012 regulatory amendments, VA will not approve claims for payment or reimbursement of the costs of emergency treatment not previously authorized for any period beyond the date on which the medical emergency ended. For this purpose, VA considers that an emergency ends when the designated VA clinician at the VA facility has determined that, based on sound medical judgment, a veteran who received emergency treatment: (1) could have been transferred from the non-VA facility to a VA medical center (or other Federal facility that VA has an agreement with to furnish health care services for veterans) for continuation of treatment, or (2) could have reported to a VA medical center (or other Federal facility that VA has an agreement with to furnish health care services for veterans) for continuation of treatment. 76 Fed. Reg. 79,067, 79071 (Dec. 21, 2011) (codified at 38 C.F.R. § 17.1005(b)(1),(2)).

Claims for payment or reimbursement of the costs of emergency treatment not previously authorized may be approved for continued, non-emergency treatment, only if:

(1) The non-VA facility notified VA at the time the veteran could be safely transferred to a VA facility (or other Federal facility that VA has an agreement with to furnish health care services for veterans) and the transfer of the veteran was not accepted, and

(2) The non-VA facility made and documented reasonable attempts to request transfer of the veteran to VA (or other Federal facility that VA has an agreement with to furnish health care services for veterans), which means the non-VA facility contacted either the VA Transfer Coordinator, Administrative Officer of the Day, or designated staff responsible for accepting transfer of patients at a local VA (or other Federal facility) and documented such contact in the veteran's progress notes, discharge summary, or other applicable medical record. 76 Fed. Reg. at 79071 (codified at 38 C.F.R. § 17.1005(c)(1), (2)).

If a stabilized veteran who requires continued non-emergency treatment refuses to be transferred to an available VA facility (or other Federal facility that VA has an agreement with to furnish health care services for veterans), VA will make payment or reimbursement only for the expenses related to the initial evaluation and the emergency treatment furnished to the veteran up to the point of refusal of transfer by the veteran. 76 Fed. Reg. at 79072 (codified at 38 C.F.R. § 17.1005(d)). 

Lastly, further regulatory changes were made effective as of May 21, 2012, to 17.1001-1005. See 77 Fed. Reg. 23617 (Apr. 20, 2012). Those changes were made for conformity with statutory changes expanding veterans' eligibility for reimbursement, including retroactive payment or reimbursement for emergency treatment received on and after July 19, 2001, and payment limitations where an eligible veteran has contractual or legal recourse against a third party that would only partially extinguish a veteran's liability to the emergency treatment provider. 

Remand to permit the VAMC to consider the claims at issue under all applicable laws and regulations is required. 

Also for consideration are the developed and adjudicated claims for payment or reimbursement of unauthorized expenses incurred for medical services received from Springfield Clinic on November 15, 2005; from ALMH on June 11, 2006; and from Memorial Medical Center, Cardiology Memorial Professionals, Prairie Cardiovascular Consultants, and the Logan County Paramedic Association from January 8 to January 10, 2007. As to the foregoing, the Veteran has requested in VA Forms 9, dated in 2007 and 2008, that he be afforded a hearing before a Veterans Law Judge of the Board at a local VA office. Entries within the Veteran's VA claims folder indicate that a videoconference hearing before the Board was scheduled to occur in September 2008, but was postponed due to a lack of transportation, and that the Board by October 2008 action granted the Veteran's motion to reschedule his hearing. As no further action by VA relating to that hearing request is indicated, remand to afford the Veteran his requested hearing is required. 

Accordingly, this case is REMANDED for the following actions:

1. Advise the Veteran in writing of all pertinent changes in the law and regulations governing the issues on appeal and in relation thereto inform him in writing of the information and evidence he needs to submit in order to substantiate entitlement to the requested VA benefits. 

2. After obtaining authorization from the Veteran, obtain from ALMH and Clinical Radiologists all available medical examination and treatment records compiled at ALMH on September 26, 2005, and November 15, 2005, and by Clinical Radiologists on September 26, 2005, for inclusion in the Veteran's VA claims folder. 

3. Thereafter, obtain further medical opinion with supporting rationale from Dr. Sekar (or an appropriate substitute) at the VA's Danville facility as to (a) whether the treatment provided on September 26, 2005, was furnished for a medical emergency and (b) whether a VA medical facility was feasibly available on September 26, 2005, or November 15, 2005, to include bed availability at the closest VA facility. 

4. Associate with the claims file all documents relevant to the claim of entitlement to payment of unauthorized medical expenses for services rendered at Springfield Clinic in Springfield, Illinois, on November 15, 2005, and which was considered in a June 2006 statement of the case, including all relevant medical records and the January 2006 and June 2006 decisions of the Utilization Review staff and Chief of Ambulatory Care.

5. Thereafter, readjudicate the issues involving entitlement to payment or reimbursement of unauthorized medical expenses incurred at ALMH and Clinical Radiologists on September 26, 2005, at Springfield Clinic on November 15, 2005, and at ALMH on November 15, 2005. If any benefit sought is not granted to the Veteran's satisfaction, furnish him a supplemental statement of the case and afford him a reasonable period in which to respond. 

6. Therafter, if any benefit sought on appeal has not been granted, afford the Veteran a hearing before a Veteran's Law Judge of the Board via videoconference from the local VA office, unless otherwise indicated, including as to the issues of entitlement to payment of or reimbursement for expenses incurred in obtaining unauthorized medical services from Springfield Clinic on November 15, 2005; from ALMH on June 11, 2006; and from Memorial Medical Center, Cardiology Memorial Professionals, Prairie Cardiovascular Consultants, and the Logan County Paramedic Association from January 8 to January 10, 2007. 


The appellant need take no additional action until he is further notified. The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate 
action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2011).



_________________________________________________
U. R. POWELL
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2011).